UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM DIXON,<br>Plaintiff, | Case No. 1:19-cv-338<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| DEBORAH HUNT,<br>Defendant | **REPORT AND<br>RECOMMENDATION** |

Dixon, an inmate at the Toledo Correctional Institution, brings this pro se action against defendant Deborah Hunt, Clerk of the United States Court of Appeals for the Sixth Circuit. Dixon initiated this action in the Hamilton County, Ohio Court of Common Pleas and defendant Hunt removed the matter pursuant to 28 U.S.C. § 1442. (Docs. 1, 3). This matter is before the Court on defendant Hunt's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 11) and Dixon's response in opposition (Doc. 13). This matter is also before the Court on several of Dixon's pretrial motions (Docs. 7, 9, 10).

**I. Procedural Posture**

In March 2019, Dixon filed an affidavit against defendant Hunt pursuant to Ohio Rev. Code § 2935.09(D) in the Hamilton County Court of Common Pleas seeking the initiation of criminal proceedings against defendant Hunt. (Doc. 3). The Ohio statute provides, in relevant part:

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

Ohio Rev. Code § 2935.09(D). In the § 2935.09(D) affidavit, Dixon claims that defendant Hunt should be criminally prosecuted under the following sections of the Ohio Rev. Code: § 2921.44 Dereliction of Duty; § 2921.45 Interfering with Civil Rights; § 2923.01 Conspiracy; § 2921.32 Obstruction of Justice; § 2913.42 Tampering with Records; § 2923.32 Engaging in Pattern of Corrupt Activity; and § 2923.02 Attempted Murder. (Doc. 3 at 5).

On May 6, 2019, defendant Hunt removed the state court matter to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1442(a)(3), which permits the removal of a "civil action or criminal prosecution that is commenced in a State court" against an officer of the United States or an "officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." §§ 1442(a)(1) and 1442(a)(3). Defendant Hunt now contends this matter should be dismissed because the Court lacks subject matter jurisdiction over this case and because defendant Hunt is entitled to quasi-judicial immunity for the actions taken as an officer of the Court.

**II. Background facts**

To better understand plaintiff Dixon's allegations, a review of the facts relevant to his state court criminal trial and subsequent habeas corpus actions in the federal court is helpful. Dixon was convicted on one count each of complicity to commit aggravated robbery, complicity to commit aggravated burglary, and complicity to commit felonious assault, each with a firearm specification. *State v. Dixon*, No. 21823, 2008 WL 498928, at *1 (Ohio Ct. App. Feb. 22, 2008). As it relates to the instant federal case, Dixon argued on direct appeal that he was denied a fair trial because the trial court refused to redact references to statements he made about his involvement with international drug dealers, including that "he tipped off authorities in Belize to the location of a large quantity of drugs, leading to an historic drug bust." *Id.*, at *6. The Ohio

2

Court of Appeals rejected this claim and affirmed Dixon's conviction and sentence in all respects.

After the Ohio Supreme Court denied Dixon leave to appeal, he filed a petition for a writ of habeas corpus in this federal court. *Dixon v. Warden, S. Ohio Corr. Facility*, 940 F. Supp. 2d 614 (S.D. Ohio 2013). The district court denied the petition and Dixon appealed. The Sixth Circuit Court of Appeals denied Dixon's application for a certificate of appealability and other related motions. *Dixon v. Warden, S. Ohio Corr. Facility*, No. 13-3311 (6th Cir. Oct. 25, 2013) (unpublished), No. 3:11-cv-150 (Doc. 34). The Sixth Circuit also twice denied Dixon's motions for authorization to file a second or successive habeas petition. *See Dixon v. Warden*, No. 3:11-cv-150 (Court of Appeals' Decisions, Docs. 42, 45).

As best as the Court can discern, Dixon now alleges in his affidavit under Ohio Rev. Code § 2935.09(D) that defendant Hunt, while acting as the Sixth Circuit Court of Appeals Clerk of Court and in connection with his habeas corpus appeal, purposely falsified and published court records reflecting his cooperation with authorities in investigating an international drug cartel. (Doc. 3 at 7). Dixon states that he provided accurate records for defendant Hunt to review, but she refused to review the records and instead "purposefully published facts about Dixon busting a drug cartel." (*Id.*). Dixon asserts that the published records have resulted in retaliation from the drug cartel and have led to him "almost being killed." (*Id.*).

### III. Defendant Hunt's motion to dismiss

Defendant Hunt moves to dismiss Dixon's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. 11 at 4). Defendant Hunt argues that pursuant to the derivative jurisdiction doctrine, this Court's jurisdiction upon removal under 28 U.S.C. § 1442(a) is derivative of the state court's jurisdiction. (*Id.*). Defendant argues that because state

3

courts lack subject matter jurisdiction to restrain federal officers in the performance of their job duties, this Court likewise lacks subject matter jurisdiction. (*Id.* at 5). Defendant Hunt also argues that she is entitled to quasi-judicial immunity from suit as Clerk of Court performing her official duties in that role. (*Id.* at 7-8).

Dixon argues that defendant Hunt misconstrues the nature of this action. He alleges this is not a civil action seeking damages or other relief, but a "filing of criminal charges" through his Ohio Rev. Code § 2935.09 private citizen affidavit. He contends that the federal court should investigate the facts included in his affidavit and recommend to the state court whether to file criminal charges against defendant Hunt or not. (Doc. 13 at 2). He argues that the defenses raised by defendant Hunt apply to civil actions and do not apply in this criminal case. (*Id.* at 3).

For the reasons that follow, the undersigned recommends that this matter be sua sponte remanded to the state court as improvidently removed under 28 U.S.C. § 1442(a).

Section 1442(a) states in relevant part:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer. . . .

\*
\*
\*

(3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties. . . .

28 U.S.C. § 1442. Thus, the statute allows removal to a federal district court where a state court "civil action" or "criminal prosecution" is commenced against an officer of the United States or an officer of the courts of the United States. 28 U.S.C. §§ 1442(a)(1), 1442(a)(3). Clerks of Court, like defendant Hunt, are considered federal employees and court officers of the

4

Administrative Office of the United States Courts under 28 U.S.C. § 711. *See also Dixon v. Opacich*, No. 1:19 CV 502, 2019 WL 1082064, at *2 (N.D. Ohio Mar. 7, 2019) ("Respondent, Clerk of the United States District Court of the Northern District of Ohio, is a federal officer") (citing *Ohio ex re. Griffin v. Smith*, No. 2:06-cv-1022, 2007 WL 1114252, at *1 (S.D. Ohio Apr. 12, 2007)). However, the state court matter that was removed is neither a "civil action" nor "criminal prosecution" for purposes of the removal statute.

Dixon seeks the initiation of state court criminal proceedings against defendant Hunt for her alleged violations of several state court criminal statutes. Contrary to defendant Hunt's argument, plaintiff does not seek to restrain a federal officer in the performance of her job duties—the type of case over which the state court would have no jurisdiction and, by extension under the derivative jurisdiction doctrine, this federal court would lack jurisdiction. Nor does plaintiff seek money damages or other relief that a court could award in a civil action. Rather, his private citizen affidavit sounds in criminal, and not civil, law and cannot be considered a civil action under the removal statute.

Nevertheless, the filing of Dixon's private citizen affidavit under Ohio Rev. Code § 2935.09 did not commence a "criminal prosecution" under the removal statute. The Ohio Supreme Court has found that "R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit." *State ex re. Evans v. Columbus Dept. of Law*, 699 N.E.2d 60, 61 (Ohio 1998). *See also State ex rel. Bunting v. Styer*, 67 N.E.3d 755, 759 (Ohio 2016). As stated by one Ohio court:

> [A] private citizen accusation by affidavit must meet a certain threshold on review by a designated official before the case may move forward to the filing of a criminal complaint by a prosecutor, acting on behalf of the state, against an accused. In sum, under this framework, a private citizen files an affidavit, and, *if appropriate*, a prosecuting attorney files a complaint, *which initiates the prosecution against the accused. See State ex rel. Dominguez v. State*, 129 Ohio St.3d 203, 2011-Ohio-

5

3091, ¶ 2, citing *State ex rel. Muff v. Wollenberg*, 5th Dist. Perry No. 08-CA-11, 2008-Ohio-4699, ¶ 12 (a private citizen may file an affidavit pursuant to R.C. 2935.09, but not a complaint).

*State of Ohio v. L.F.*, No. CA2019-04-036, 2020 WL 610796, at *3 (Ohio Ct. App. Feb. 10, 2020) (emphasis added). The § 2935.09(D) private citizen affidavit "must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed" to commence a criminal prosecution. *State ex rel. Strothers v. Turner*, 680 N.E.2d 1238, 1239 (Ohio 1997) (citing *State v. Holbert*, 311 N.E.2d 22, 25 (Ohio 1974)). "[A] private citizen's affidavit charging a violation must first be forwarded to a 'reviewing official' before prosecution may be commenced." *State v. Cole*, Nos. 26190, 26191, 2012 WL 3833958, at *4 (Ohio Ct. App. Sept. 5, 2012) (citing R.C. 2935.09(A); *State v. Mjobi*, 951 N.E.2d 1025, 1029 (Ohio 2011)). *See also City of Washington Court House v. Myers*, No. CA2018-12-027, 2019 WL 6462433, at *1 (Ohio Ct. App. Dec. 2, 2019). This reviewing official then decides whether a complaint should be filed by the prosecuting attorney to initiate a criminal prosecution. Ohio Rev. Code § 2935.09(D); *L.F.*, 2020 WL 610796, at *3.

In the instant case, Dixon's § 2935.09 affidavit was filed in the Court of Common Pleas as a civil action,[1] and there was no criminal complaint filed to initiate a criminal prosecution under Ohio law. *See Dixon v. Hunt*, Case No. A 1901600 (Ham. Cty. Com. Pls.).[2] Because there was no "criminal prosecution" commenced in the state court, there was no "criminal prosecution" to be removed under the federal removal statute. Thus, removal of this action was

---

[1] It appears Dixon's affidavit was mistakenly filed as a civil "professional tort-legal malpractice" claim. *See Dixon v. Hunt*, Case No. A 1901600 (Ham. Cty. Ct. Com. Pls.) (last visited on Feb. 18, 2020) (https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=A+1901600&submit.x=21&submit.y=10)

[2] The court may take judicial notice of proceedings in other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

premature. The filing of the affidavit, in itself, did not commence a state court criminal prosecution of defendant Hunt. State officials are not legally bound to file criminal charges based on Dixon's affidavit and, if they choose not to, there is simply no "criminal prosecution" over which this Court would have removal jurisdiction. The Court concludes that this matter was improvidently removed from state court. Therefore, it is hereby recommended that the within case be remanded to state court pursuant to 28 U.S.C. § 1447(c).

IV. Conclusion

Based on the foregoing, it is **RECOMMENDED** that this matter be remanded to state court pursuant to 28 U.S.C. § 1447(c) and all pending motions (Docs. 7, 9, 10, 11) be **DENIED** as moot.

Date: 2/18/20

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM DIXON,<br>Dixon,<br><br>vs.<br><br>DEBORAH HUNT,<br>Defendant. | Case No: 1:19-cv-338<br>Black, J.<br>Litkovitz, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).